IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN SPENCE                                                                                      PLAINTIFF

V.                              CASE NO. 3:14-cv-00095-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*
Social Security Administration                                                     DEFENDANT

### **MEMORANDUM AND ORDER**

Plaintiff Kevin Spence brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

### I.     PROCEDURAL HISTORY

Mr. Spence protectively filed his application on December 27, 2010, alleging a disability onset date of January 1, 2004.[1] (R. at 53, 63.) He alleged complications from gastritis, alcohol dependence, anxiety, depression, and hepatitis c. (R. at 63.) Mr. Spence's claim was denied at the initial and reconsideration levels. (R. at 12.) On September 26, 2012, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 12.) During the hearing, Mr. Spence orally moved to amend his disability onset date to January 1, 2008, which

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

the ALJ granted. (R. at 45.)  On January 15, 2013, the ALJ issued an unfavorable decision, denying Mr. Spence's claim. (R. at 21.) The Appeals Council ("AC") subsequently granted his request for review. (R. at 4.) On March 27, 2014, the AC issued an unfavorable decision, denying Mr. Spence's claim. (R. at 1.)

On April 8, 2014, Mr. Spence filed a complaint against the Commissioner appealing the AC's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On April 17, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 4.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Spence was forty-three years old at the time of the administrative hearing and had completed his high school education. (R. at 20.) He had no past relevant work. (R. at 6.) The ALJ and the AC each applied the five-step sequential evaluation process to Mr. Spence's claim.[2] (R. at 4, 13.) The AC adopted all of the ALJ's findings except in step four. (R. at 4-5.) The ALJ found that Mr. Spence satisfied the first step because he had not engaged in substantial gainful activity. (R. at 12.) At step two, the ALJ found that Mr. Spence suffered from the severe medical impairments of a degenerative disc disease, gastritis, and hepatitis. (R.

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

at 14.) At step three, the ALJ found that Mr. Spence did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appx. 1. (R. at 15.) Before proceeding to step four, the ALJ found that Mr. Spence has a residual functional capacity ("RFC") to perform the full range of light work, as defined in 20 C.F.R. § 416.967(b). (R. at 16.) The ALJ determined that Mr. Spence's statements that he is incapable of all work activity were not credible because they were not consistent with the record as a whole. (R. at 17.) The ALJ found at step four that Mr. Spence is capable of performing his past relevant work as an assembler. (R. at 20.) The AC overturned this decision, holding that Mr. Spence had no relevant past work. (R. at 5.) At step five, the AC determined that the relevant regulations direct a finding that Mr. Spence was not disabled . (R. at 6.)

## III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record

for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV. DISCUSSION

Mr. Spence only challenges the AC's RFC assessment that he was capable of performing the full range of light work. (Pl.'s Br. 12, ECF No. 11.) Since the AC fully adopted the ALJ's findings in his RFC assessment, the ALJ's findings are the final findings by the Commissioner. Mr. Spence challenges the ALJ's findings in two respects: (1) substantial evidence does not support the ALJ's determination that Mr. Spence's statements concerning the limiting effects of his impairments were not credible; and (2) substantial evidence does not support the ALJ's decision to abstain from placing nonexertional limits on Mr. Spence. (*Id.* at 12-13.) Respondent believes that substantial evidence supports the ALJ's decisions on both of these issues. (Def.'s Br. 4, ECF No. 12.)

### A. MR. SPENCE'S CREDIBILITY

Mr. Spence claims that there is not substantial evidence to support the ALJ's determination that Mr. Spence's statements concerning the limiting effects of his impairments were not credible. (Pl.'s Br. 12, ECF No. 11.) He claims that the medical evidence does not support the ALJ's findings that Mr. Spence "infrequently sought

4

treatment and was not prescribed extensive pain medication." (*Id.* at 14.) He also claims that his "limited daily activities" are consistent with his testimony. (*Id.* at 15.) Lastly, he claims that the fact that none of his doctors gave an opinion that Mr. Spence is disabled should not be a factor against him since there is no evidence that the doctors were asked for such an opinion. (*Id.* at 16.)

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each *Polaski* factor as long as he 'acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Here, the ALJ found that Mr. Spence has not "frequently gone to the emergency room for, or participated in longitudinal treatment for his medically determinable impairments." (R. at 19.) Instead, the three times Mr. Spence went to the emergency room were for "a minor injury sustained during physical altercation," injuries from an opossum

5

bite, and for an accidental overdose. (R. at 19.)

The ALJ carefully examined all of Mr. Spence's hospitalizations before concluding that he has not participated in longitudinal treatment for his medically determinable impairments. (R. at 16-19.) This included a CT scan with no acute abnormality, an abdominal ultrasound that was unremarkable, a finding that Mr. Spence had full range of motion of his spine and extremities, and a finding that he had a very small disk herniation without significant nerve impingement. (R. at 18.) The ALJ considered the fact that the majority of Mr. Spence's pain medication was over the counter, and his prescription pain medication was prescribed only to be taken "as needed." (R. at 19.) The ALJ also considered that Mr. Spence is able to "drive, care for his personal hygiene, shop, perform household chores, and enjoyed hunting and fishing." (R. at 19.)

The ALJ "fully acknowledged . . . that the claimant may well experience some degree of discomfort and/or impairment as a result of his medically determinable impairments." (R. at 18.) However, even without considering whether the doctors determined Mr. Spence was not able to work, substantial evidence supports the ALJ's conclusion that Mr. Spence's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (R. at 17.)

B.    THE RFC

Mr. Spence believes that the ALJ should have placed exertional limits in his RFC, and the AC should have remanded the case to another ALJ for consideration of whether those exertional limits affect step five of the analysis. (Pl.'s Br. 12-13, ECF No. 11.) It is

the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, and ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore*, 572 F.3d at 523 (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ may not rely only on medical evidence, but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Based on the findings in Part A, there is substantial evidence to support the ALJ's determination that Mr. Spence has the RFC to perform the full range of light work.

## V.    CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see*

*also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the decision of the AC is affirmed.

    SO ORDERED this 13th day of April, 2015.

                                                               _____

                                                       UNITED STATES MAGISTRATE JUDGE